IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| GLENN FAMILY, INC.,<br>d/b/a HEADWIND CONSUMER<br>PRODUCTS,<br><br>        Plaintiff,<br><br>v.<br><br>COMBEX, INC., d/b/a<br>CHANEY INSTRUMENT COMPANY,<br><br>        Defendant. | Case No..: 17-CV-1173<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Glenn Family, Inc., d/b/a Headwind Consumer Products, by and through its undersigned attorneys, for its Complaint against Defendant Combex, Inc., d/b/a Chaney Instrument Company, alleges as follows:

### PARTIES

1. Plaintiff Glenn Family, Inc., d/b/a Headwind Consumer Products ("Headwind" or "Plaintiff") is a corporation organized and existing under the laws of the State of Nebraska, with its principal place of business at 71006 625th Ave., Pawnee City, NE 68420.

2. On information and belief, Defendant Combex, Inc., d/b/a Chaney Instrument Company ("Chaney" or "Defendant") is a corporation organized under the laws of the State of Wisconsin with a principal place of business at 965 S. Wells St., Lake Geneva, WI 53147. On information and belief, Chaney resides in this judicial district, conducts business in this judicial district, and/or engages in activities directed at this judicial district.

## JURISDICTION AND VENUE

3. Headwind re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 2 above, as if fully set forth herein.

4. This is an action for patent infringement arising under 35 U.S.C. §§ 101 et seq. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has specific and general personal jurisdiction over Chaney because Chaney has committed acts directed at this judicial district giving rise to this action and have established minimum contacts within this judicial district such that the exercise of jurisdiction over Chaney would not offend traditional notions of fair play and substantial justice.

6. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

## BACKGROUND

7. Robert C. Geschwender is the sole inventor and owner of U.S. Patent No. 7,543,493 ("the '493 Patent"), which issued on June 9, 2009 from U.S. Patent App. No. 11/717,990, filed March 14, 2007. A true and correct copy of the '493 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

8. Headwind is the exclusive licensee of all rights, title and interest in the '493 Patent.

9. Headwind sells rain gauges covered by the '493 Patent.

10. Headwind has consistently marked rain gauges covered by the '493 Patent according to 35 U.S.C. § 287.

11. Chaney is a direct competitor of Headwind with respect to rain gauges.

12. On information and belief, Chaney sells, offers for sale, and has sold rain gauges under the brand name Acurite having the UPC code 0 72397 00853, hereinafter referred to as the "Acurite Gauge."

13. On information and belief, through Chaney's website, Chaney offers for sale, sells, and has sold the Acurite Gauge. A reproduction of Chaney's website (https://www.acurite.com/big-read-5-jumbo-rain-gauge-00853hdsb.html), as it existed on August 3, 2017, is attached as Exhibit 2 and incorporated herein by reference.

14. On information and belief, Chaney offered for sale and sold the Acurite Gauge at the Wheatbelt Trade Show in February of 2016.

15. On information and belief, Chaney offered for sale and sold the Acurite Gauge at the True Value Trade Show in February of 2016 and again in September of 2016.

16. On information and belief, Chaney offered for sale and sold the Acurite Gauge at the Orgill Trade Show in August of 2016.

17. On information and belief, Chaney sells, offers for sale, has offered for sale, and has sold the Acurite Gauge to Walmart or through Walmart.

18. On information and belief, Chaney offered for sale and sold the Acurite Gauge at the Wheatbelt Trade Show between February 7 and 8, 2017.

19. Headwind specifically informed Chaney of the '493 Patent at least as early as February 10, 2017.

20. Headwind provided Chaney a detailed description explaining why the Acurite Gauge infringes the '493 Patent on or about April 11, 2017.

21. On information and belief, the Acurite Gauge includes all of the features required by at least one claim of the '493 Patent.

# COUNT I

## DIRECT LITERAL INFRINGEMENT OF THE '493 PATENT
## AGAINST DEFENDANT

22. Headwind re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 21, above, as if fully set forth herein.

23. On information and belief, Chaney has made, used, sold and/or offered for sale within the United States, and/or imported into the United States products, such as the Acurite Gauge, that embody the patented invention claimed in the '493 Patent.

24. Chaney's activities have been without authority or license from Headwind, either express or implied.

25. Chaney's activities have infringed and continue to infringe at least one claim of the '493 Patent pursuant to 35 U.S.C. § 271(a).

26. On information and belief, Chaney acted despite an objectively high likelihood that such actions constituted infringement of a valid patent.

27. On information and belief, Chaney knew or should have known of this objectively high likelihood.

28. On information and belief, Chaney willfully infringed the '493 Patent.

29. On information and belief, Chaney has benefitted from the infringement of the '493 Patent through:

    a. gained sales by Chaney;

    b. gained customers by Chaney;

    c. gained profits by Chaney;

    d. gained sales of unpatented items by Chaney;

    e. gained sales of collateral unpatented items by Chaney;

4

Case 2:17-cv-01173-PP   Filed 08/29/17   Page 4 of 12   Document 1

  f. future gained profits by Chaney;

  g. improvement to one or more of the Chaney's reputation and good will;

  h. continuing and future improvement to Chaney's reputation and goodwill; and

  i. increased value of Chaney's business.

(The above-listed benefits shall hereinafter be referred to as "Benefits".)

  30. On information and belief, Headwind has sustained Injuries as a result of the infringement of the '493 Patent in the form of, including but not limited to:

  a. lost sales;

  b. lost customers;

  c. lost profits;

  d. price erosion;

  e. lost sales of unpatented items;

  f. lost sales of collateral unpatented items;

  g. future lost profits;

  h. damage to Headwind's reputation and good will; and

  i. continuing and future damage to Headwind's reputation and goodwill.

(The items listed immediately above in subparts a through i shall hereinafter be referred to as "Injuries".)

  31. Headwind has sustained Injuries by Chaney's infringing activities, and is entitled to recover money damages from Chaney adequate to compensate it for Chaney's infringement, but in no event less than a reasonable royalty together with interest and costs as fixed by the Court, and Headwind will continue to suffer damages in the future that will not be mitigated unless Chaney's infringing activities are enjoined by this Court.

32. Additionally, Headwind is entitled to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred for this action under 35 U.S.C. § 285.

33. Headwind has sustained Injuries by Chaney's willful infringement and is entitled to recover treble damages from Chaney.

34. The great and irreparable harm to Headwind will only be mitigated if a temporary restraining order and/or preliminary injunction, as well as a permanent injunction, are issued enjoining Chaney and its respective agents, owners, officers, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '493 Patent.

35. Unless a temporary restraining order and/or preliminary injunction is ordered, Headwind will suffer irreparable harm.

36. There is a substantial likelihood that Headwind will prevail on the merits of its claim for relief.

37. The threatened injury to Headwind outweighs any threatened harm a temporary restraining order and/or injunction may cause the Chaney.

38. Headwind has no adequate remedy at law or otherwise for the harm and damage being done.

39. Such injunctive relief will serve the public interest.

## COUNT II

### INDIRECT CONTRIBUTORY INFRINGEMENT OF
### THE '493 PATENT AGAINST DEFENDANT

40. Headwind re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 39, above, as if fully set forth herein.

41. On information and belief, someone other than Chaney has directly infringed the '493 Patent under 35 U.S.C. § 271(a).

42. On information and belief, Chaney has sold, offered for sale, and/or imported within the United States products, such as the Acurite Gauge, which have been used by others.

43. On information and belief, the products sold, offered for sale, and/or imported within the United States are not staple articles or commodities of commerce capable of substantial non-infringing use.

44. On information and belief, the products constitute a material part of at least one claim of the '493 Patent.

45. On information and belief, Chaney knew that the component was especially made or adapted for an infringing use of the product.

46. Under 35 U.S.C. § 271(c), Chaney has infringed at least one claim of the '493 Patent.

47. On information and belief, Chaney acted despite an objectively high likelihood that such actions constituted infringement of a valid patent.

48. On information and belief, Chaney knew or should have known of this objectively high likelihood.

49. On information and belief, Chaney willfully infringed the '493 Patent.

50. On information and belief, Chaney has received Benefits from the infringement of the '493 Patent.

51. Headwind has sustained Injuries as a result of the infringement of the '493 Patent.

52. Headwind has sustained Injuries by Chaney's infringing activities, and is entitled to recover money damages from Chaney adequate to compensate it for Chaney's infringement, but in no event less than a reasonable royalty together with interest and costs as fixed by the Court,

and Headwind will continue to suffer damages in the future that will not be mitigated unless Chaney's infringing activities are enjoined by this Court.

53. Additionally, Headwind is entitled to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred for this action under 35 U.S.C. § 285.

54. Headwind has sustained Injuries by Chaney's willful infringement and is entitled to recover treble damages from Chaney.

55. The great and irreparable harm to Headwind will only be mitigated if a temporary restraining order and/or preliminary injunction, as well as a permanent injunction, are issued enjoining Chaney and its respective agents, owners, officers, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '493 Patent.

56. Unless a temporary restraining order and/or preliminary injunction is ordered, Headwind will suffer irreparable harm.

57. There is a substantial likelihood that Headwind will prevail on the merits of its claim for relief.

58. The threatened injury to Headwind outweighs any threatened harm a temporary restraining order and/or injunction may cause Chaney.

59. Headwind has no adequate remedy at law or otherwise for the harm and damage being done.

60. Such injunctive relief will serve the public interest.

## COUNT III

### INDIRECT INDUCEMENT OF INFRINGEMENT OF '493 PATENT AGAINST DEFENDANT

61. Headwind re-alleges and incorporates by reference the allegations set forth in Paragraphs 1 through 60, above, as if fully set forth herein.

62. On information and belief, Chaney aided, instructed, or otherwise acted with the intent to cause acts by direct infringers that would constitute direct infringement of the '493 Patent under 35 U.S.C. § 271(a).

63. On information and belief, Chaney knew of the '493 Patent, or showed willful blindness to the existence of the '493 Patent, at that time.

64. On information and belief, Chaney knew, or should have known, that its actions would result in infringement of at least one claim of the '493 Patent.

65. On information and belief, direct infringers have infringed at least one claim of the '493 Patent.

66. Under 35 U.S.C. § 271(b), Chaney has infringed at least one claim of the '493 Patent.

67. On information and belief, Chaney acted despite an objectively high likelihood that such actions constituted infringement of a valid patent.

68. On information and belief, Chaney knew or should have known of this objectively high likelihood.

69. On information and belief, Chaney willfully infringed the '493 Patent.

70. On information and belief, Chaney has received Benefits from the infringement of the '493 Patent.

71. Headwind has sustained Injuries as a result of the infringement of the '493 Patent.

72. Headwind has sustained Injuries by Chaney's infringing activities, and is entitled to recover money damages from Chaney adequate to compensate it for Chaney's infringement, but in no event less than a reasonable royalty together with interest and costs as fixed by the Court,

and Headwind will continue to suffer damages in the future that will not be mitigated unless Chaney's infringing activities are enjoined by this Court.

73. Additionally, Headwind is entitled to increased damages under 35 U.S.C. § 284 and to attorney fees and costs incurred for this action under 35 U.S.C. § 285.

74. Headwind has sustained Injuries by Chaney's willful infringement and is entitled to recover treble damages from Chaney.

75. The great and irreparable harm to Headwind will only be mitigated if a temporary restraining order and/or preliminary injunction, as well as a permanent injunction, are issued enjoining Chaney and its respective agents, owners, officers, servants, employees, representatives, affiliates, and all others acting in active concert therewith from infringing the '493 Patent.

76. Unless a temporary restraining order and/or preliminary injunction is ordered, Headwind will suffer irreparable harm.

77. There is a substantial likelihood that Headwind will prevail on the merits of its claim for relief.

78. The threatened injury to Headwind outweighs any threatened harm a temporary restraining order and/or injunction may cause the Chaney.

79. Headwind has no adequate remedy at law or otherwise for the harm and damage being done.

80. Such injunctive relief will serve the public interest.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendant, as follows:

a. A judgment in favor of Plaintiff that Defendant has infringed the '493 Patent;

b. A temporary restraining order and/or preliminary injunction, as well as a permanent injunction, against Defendant and its respective officers, owners, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '493 Patent;

c. A judgment and order requiring Defendant to pay Plaintiff its damages, costs, expenses, and pre- and post-judgment interest for its infringement of the '493 Patent as provided under 35 U.S.C. § 284, and treble damages if any of the infringement is determined to be willful;

d. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees to be paid by Defendant;

e. Such other relief in law and equity as this Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

DATED this 29th day of August, 2017.

Respectfully submitted,

KERKMAN WAGNER & DUNN

*s/K. Scott Wagner*
K. Scott Wagner
Evan P. Schmit
839 N Jefferson St, Suite 400
Milwaukee, Wisconsin 53202
Tel: 414-277-8200
Fax: 414-277-0100
swagner@kwdlaw.com
eschmit@kwdlaw.com

and

SUITER SWANTZ, PC LLO
Shane R. Thielen (NE Bar #23979)
(moving for *pro hac vice* admission)
Nicholas R. Grennan (NE Bar #23928)
(moving for *pro hac vice* admission)
14301 FNB Pkwy, #220
Omaha, Nebraska 68154
(402) 496-0300 – telephone
(402) 496-0333 – fax
srt@suiter.com
nrg@suiter.com