UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

GLENN FAMILY, INC.,

        Plaintiff,

v.                                         Case No. 17-cv-1173-pp

COMBEX, INC.,

        Defendant.

_____

**ORDER DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS (DKT. NO. 8), GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 12) AND DISMISSING CASE WITHOUT PREJUDICE**

_____

      Approximately one year ago, on August 29, 2017, the plaintiff filed a complaint alleging three counts of patent infringement under 35 U.S.C. §271. Dkt. No. 1. In lieu of an answer, the defendant filed a motion to dismiss the complaint on three grounds: lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1); failure to state a claim under Fed. R. Civ. P. 12(b)(6); and failure to join a party under Fed. R. Civ. P. 12(b)(7). Dkt. No. 8. The parties stipulated to an extension of time for the plaintiff to respond to that motion, dkt. no. 10, and on November 13, 2017, the plaintiff filed an amended complaint, dkt. no. 11. In lieu of an answer to the amended complaint, the defendant filed a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Dkt. No. 12. The brief in support of the motion argued that the plaintiff did not have standing to sue under the Patent Act, 35 U.S.C. §281, because the plaintiff (Glenn Family, Inc.) had no rights to

1

the license agreement for the patent in question (having allegedly assigned those rights to another entity, Glenn Family, LLC). Dkt. No. 13 at 6. The defendant also argued that the lawsuit could not proceed without the actual owner of the patent. Id. at 10.

The plaintiff's response stated that it consented to dismissal of the complaint without prejudice; it asked, however, that if the court were not inclined to dismiss without prejudice, the court allow it to voluntarily dismiss without prejudice under Fed. R. Civ. P. 41(a)(2). Dkt. No. 15.

The defendant's reply brief, emphasizing that the plaintiff had conceded that dismissal was appropriate, asserted that the court "must decide whether the dismissal will be with or without prejudice." Dkt. No. 16 at 1. The defendant did not ask the court to dismiss the complaint with prejudice; it simply requested dismissal. The defendant argued, however, that if the court dismissed the case without prejudice, it should "require that any new complaint include sufficient support to determine whether the putative plaintiffs have standing to sue." Id. The defendant asserted that after the plaintiff received the first motion to dismiss, it should have "thoroughly investigated whether it had standing to sue." Id. The defendant asserted that the plaintiff had not conducted such an investigation before filing the amended complaint, which "required Defendant to again move to dismiss for lack of standing to sue." Id. The defendant complained that the plaintiff had offered no "substantive support" for its argument that its failure to plead standing was the result of a drafting error, or its assertion that the owner of the patent had

agreed to join the suit as a plaintiff. Id. at 1-2. The defendant also disputed the plaintiff's contention that, "as an alleged licensee, it has sufficient legal rights to have standing to sue." Id. at 2.

The defendant brought the second motion to dismiss under Rule 12(b)(1), dismissal for lack of subject-matter jurisdiction. The Seventh Circuit has made clear that dismissals under 12(b)(1) are jurisdictional dismissals and, thus, are without prejudice. See, *e.g.*, Lewert v. P.F. Chang's China Bistro, Inc., 819 F.3d 963, 969 (7th Cir. 2016) (dismissal for lack of subject-matter jurisdiction is a dismissal without prejudice); Morrison v. YTB Intern., Inc., 649 F.3d 533, 535 (7th Cir. 2011).

The defendant's reasoning in its reply brief resembles the arguments the defendants made to Judge Posner (sitting by designation in the Northern District of Illinois) in DePuy, Inc. v. Zimmer Holdings, Inc., 384 F. Supp.2d 1237 (N.D. Ill. 2005). Judge Posner stated:

> The defendants ask me to dismiss [the case] with prejudice because they should not have to defend against a refiled suit (with the subsidiary that owns the patent at last substituted for the parent) at this late date. Such a ruling would be premature. I do not know whether the suit will be refiled, or when. If it is refiled and the defendants plead laches or some other basis for dismissal with prejudice because of delay caused by the plaintiff's jurisdictional error, I will consider at that time the question of whether to dismiss with prejudice.

Id. at 1240.

This court follows Judge Posner's lead. While the plaintiff has indicated that it plans to file a new suit, the court does not know if it will do so, or when. If the plaintiff does file a new suit, and that complaint is defective, the

3

defendant may ask the court to dismiss with prejudice if grounds exist to do so. The defendant's request that the court order the plaintiff's next complaint to comply with standing requirements is a request for an order requiring the plaintiff to follow the law. The court sees no need for such an order; it presumes that parties will follow the law until they demonstrate otherwise.

The court **DENIES AS MOOT** the defendant's first motion to dismiss; it was mooted by the filing of the amended complaint. Dkt. No. 8.

The court **GRANTS** the defendant's motion to dismiss the case, dkt. no. 12, and **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE.**

Dated in Milwaukee, Wisconsin this 6th day of September, 2018.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **United States District Judge**